NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

───────────────────────────

4th Circuit Court-Laconia Family Division
Case No. 2023-0378
Citation: Petition of State of N.H., 2024 N.H. 18

PETITION OF THE STATE OF NEW HAMPSHIRE

Argued: March 14, 2024
Opinion Issued: April 12, 2024

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Elizabeth C. Woodcock, senior assistant attorney general, on the brief and orally), for the State.

Christopher M. Johnson, chief appellate defender, of Concord, on the brief and orally, for the juvenile.

MACDONALD, C.J.

[¶1] Through this Rule 11 petition, the State challenges an order of the Circuit Court (Carroll, R., approved by Garner, J.) dismissing delinquency petitions filed against the juvenile after failing to hold the adjudicatory hearing within the time limits prescribed by RSA 169-B:14, II (2022). The State argues that the trial court erred in finding that the juvenile had not waived the statutory time limit. We reverse and remand.

I.      Background

[¶2] The following facts are supported by the record.  On July 14, 2022, the State filed five delinquency petitions against the juvenile alleging aggravated felonious sexual assault, false imprisonment, sexual assault, and two counts of simple assault.  On August 3, 2022, the juvenile was arraigned. The juvenile's adjudicatory hearing was scheduled for August 31, 2022.  On August 31, the juvenile's counsel (defense counsel) moved for a competency evaluation of the juvenile.  The court granted the motion and, following an evaluation, held a hearing on competency on November 2.  By agreement of the parties, the court found the juvenile competent.  That day, the juvenile executed an "Agreement to Waive Initial Time Limits" Form, without amendment, giving up, inter alia, the juvenile's right, pursuant to RSA 169-B:14, to an adjudicatory hearing within thirty days of the juvenile's first court date.  The trial court approved the waiver and scheduled an adjudicatory hearing for February 8, 2023.

[¶3] On January 31, 2023, the juvenile filed a motion to suppress.  On February 5, the State filed an assented-to motion to continue the February 8 adjudicatory hearing and convert it to a motion hearing.  The court granted that motion and held the hearing.  On March 14, the court granted the motion to suppress.  An adjudicatory hearing was scheduled for April 6.  On March 27, the State moved to reconsider and to continue the adjudicatory hearing, to which the juvenile objected.  On April 3, the court denied the State's motions. The State filed an emergency motion to stay with this court seeking time to evaluate whether to take an appeal of the trial court's suppression order, which we granted on April 6, staying the proceeding.  The State thereafter declined to appeal the trial court's suppression order and moved to lift the stay, which we granted on April 18.

[¶4] On April 21, a court assistant emailed counsel for the parties seeking to reschedule the adjudicatory hearing, offering three dates in June. On April 24, defense counsel responded, objecting to the hearing being continued and maintaining that the hearing "needs to be scheduled as soon as possible."  The hearing was scheduled for June 7.

[¶5] On May 23, the juvenile moved to dismiss for failure to comply with RSA 169-B:14, II.  RSA 169-B:14, II provides: "The adjudicatory hearing shall be held within 21 days of arraignment for minors detained pending such hearing and within 30 days of arraignment for minors not detained.  An extension of these time limits may be permitted, upon a showing of good cause, for an additional period not to exceed 14 calendar days."  Defense counsel explained that at the November 2 hearing, the defense requested an approximately ninety-day continuance in order to complete certain investigatory tasks and prepare for trial, to which the State did not object. Defense counsel stated: "The court had defense sign the waiver of initial time

limits for the delinquency petition in order that the matter might be continued approximately 90 days." Defense counsel argued that the juvenile had not contributed to any delay since the trial court's March 14 order on the motion to suppress, and while the juvenile made an initial waiver of the statutory right, the waiver did "not toll the speedy trial calculation indefinitely."

[¶6] The court granted the motion to dismiss "for the reasons stated within" the juvenile's motion. Further, the court stated:

> The Court agrees with the Defense's restart as the Court scheduled the adjudicatory [hearing] for [April 6, 2023] after its order of [March 14]. The Court does not find that the [November 2] waiver was for any other term than the 90 days for further investigation. The parties agreed to convert the initial adjudication [hearing], [February 8], to a hearing on motions. The court finds its order of [March 14] restarted the 30 day mandated time period.

This Rule 11 petition followed.

II.    Analysis

[¶7] In support of its petition, the State argues that "once the juvenile has waived [the] statutory right to a speedy adjudicatory hearing within 30 days of arraignment, either expressly or through conduct that causes the delay, [the juvenile] has waived that express statutory right for the life of the case." Defense counsel counters that although the juvenile agreed to earlier extensions of the statutory deadline, the juvenile did not waive the mandatory deadline as to later delays. Further, as to the November 2 waiver, defense counsel asserts that the trial court made a factual finding that the waiver was for a limited purpose and period and that this court owes deference to that factual finding. We conclude that the juvenile expressly waived the RSA 169-B:14, II right such that it was error for the trial court to grant the juvenile's motion to dismiss.

[¶8] RSA chapter 169-B is part of a comprehensive juvenile justice system that has as its primary concern the welfare of the child. In re Trevor G., 166 N.H. 52, 54 (2014). It guarantees children their constitutional rights, and encourages the use of rehabilitative and treatment resources whenever possible. Id. One of the principal goals of the juvenile statutes is to create procedural safeguards sufficient to protect individual rights against the vicissitudes of unlimited discretion. Id. RSA 169-B:14, II serves to further that goal by prescribing that "adjudicatory hearing[s] [in juvenile delinquency proceedings] shall be held . . . within 30 days of arraignment" when a juvenile, as in this case, has not been detained. Id. at 54-55 (quotation omitted).

3

[¶9] Recognizing the impact that delays in a court proceeding may have on a juvenile, we have interpreted the statutory time limits as a legislative pronouncement of a child's right to the expeditious resolution of his alleged delinquency, which reflects the legislative concern for procedural due process. Id. at 55. The time limits prescribed in RSA chapter 169-B for the holding of adjudicatory hearings are mandatory. Id. These time limits "effectuate a substantive right requiring the court to forfeit jurisdiction if not complied with, unless such noncompliance is the result of a delay caused or requested by the juvenile, in which case he will be deemed to have waived the time limits." Id. Waiver is a question of fact and we will not overturn the trial judge's determination unless clearly erroneous. So. Willow Properties v. Burlington Coat Factory of N.H., 159 N.H. 494, 499 (2009).

[¶10] This case requires us to interpret the juvenile's November 2, 2022 written waiver form. We interpret written documents de novo. Petition of Warden (State v. Roberts), 168 N.H. 9, 18 (2015). The waiver states, in pertinent part, "I hereby agree to give up my right to: . . . 3. an adjudicatory hearing within 30 days of my first court date (non-detained delinquent – RSA 169-B:14)." Further, the waiver form includes the following statement without amendment, among others: "I UNDERSTAND that the State would be required to prove its case at a court hearing within the time limits of paragraphs 2, 3, or 4 checked above, if I did not agree to give the State more time." The waiver contains no language limiting its scope. To the extent the trial court determined the waiver was limited in scope, that determination was clearly erroneous as it was not supported by the plain language of the waiver. Based on the written waiver's plain language, we conclude that the juvenile executed an express and complete waiver of the RSA 169-B:14, II right. Because the juvenile expressly waived the RSA 169-B:14, II right, it was error for the trial court to grant the motion to dismiss for failure to hold the adjudicatory hearing within the time limits prescribed by the statute. Accordingly, we reverse the trial court's ruling and remand for an adjudicatory hearing.

Reversed and remanded.

BASSETT, HANTZ MARCONI, DONOVAN, and COUNTWAY, JJ., concurred.

4